NICHOLAS M. WAJDA
Nevada State Bar No: 11480
Law Offices of Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
Email Address: nick@wajdalawgroup.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TERRI R. SWANSON,<br><br>Plaintiff,<br><br>v.<br><br>COLLECTION SERVICE OF NEVADA,<br><br>Defendant. | Case No. 3:19-cv-00123<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes TERRI R. SWANSON ("Plaintiff"), by and through her attorneys, LAW OFFICES OF NICHOLAS M. WAJDA, ESQ. ("Wajda"), complaining as to the conduct of COLLECTION SERVICE OF NEVADA ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Nevada, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Nevada.

**PARTIES**

4. Plaintiff is 44 year-old consumer residing in Sparks, Nevada, which lies within the District of Nevada.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collector holding itself out as "one of Nevada's largest collection agencies" that purportedly has "one of the highest recovery rates in the state."[1] Defendant is a corporation organized under the laws of the state of Nevada with its principal place of business located at 777 Forest Street, Reno, Nevada.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTUAL ALLEGATIONS**

9. The instant action arises out of Defendant's attempts to collect upon outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

10. The subject debt arose in connection with Plaintiff's purported default on obligations incurred in connection with receiving payday loans from Paycheck Advance.

---

[1] https://www.csn-reno.net/

2

11. Defendant acquired the rights to collect upon the subject debt after Plaintiff's purported default.

12. On or about November 19, 2018, Plaintiff received a collection letter from Defendant attempting to collect upon the subject debt. *See* Exhibit A.

13. The collection letter identifies the original creditor as "Paycheck Advance – Ironhorse."

14. The collection letter was sent in reference to the "CSN Acct ***328."

15. The top portion of the letter represents that the principal amount of the subject debt is $401.80.

16. The letter further represents that the subject debt has "Interest" and "Other Charges" each totaling $0.00, for a total "Balance" of $401.80.

17. However, in the middle of the collection letter, there are two entries.

18. One entry lists "Paycheck Advance – Ironhorse" followed by representations that the subject debt has a principal amount of $401.80, $0.00 in interest and "other" charges, for a total balance of $401.80.

19. The other entry lists "Paycheck Advance – Ironhorse" followed by representations that the subject debt has a principal amount of $376.80, $0.00 in interest and "other" charges, for a total balance of $376.80.

20. Because the collection letter initially suggests it is being sent to collect $401.80, yet subsequently cuts against this representation in the body of the letter, the collection letter is inherently deceptive and confusing. The letter creates a probability of confusion as to, *inter alia,* how much Plaintiff is said to owe on her account(s), the number and nature of the underlying account(s) upon which Defendant is attempting to collect, the nature of Plaintiff's obligations to Paycheck Advance, as well as which underlying debts would be satisfied in the event Plaintiff made payment to Defendant in connection with the collection letter received.

21. The collection letter contains a further representation that 'If FINANCE CHARGES (INTEREST) are shown above, this account will accrue FINANCE CHARGES at an ANNUAL PERCENTAGE RATE of ___% from the date the unpaid principal amount was assigned to Collection Service of Nevada by our client."

22. Given that the letter includes several references to interest charges and a dollar figure, Defendant's collection letter suggested that interest and other charges could accrue on the subject debt, even though Defendant did not intend to, nor legally could, add such amounts.

23. Plaintiff was misleadingly led to believe that Defendant had the lawful ability and intent to collect costs and other fees, when such right was waived, when no such right existed in the underlying contract, and/or Defendant never intended to collect interest or other charges.

24. Confused and concerned by the nature of Defendant's collection letter, Plaintiff spoke with Wajda regarding the correspondence resulting in pecuniary loss and expenditure of resources.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, violation of federally protected interests, and aggravation.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a. Violations of 15 U.S.C § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by falsely, deceptively, and misleadingly representing in its collection letters that it had the ability and intent to add costs and other fees to the subject debt. Defendant's collection letter repeatedly outlines the interest and other charges that may be tacked on to the subject debt. Even though the value of these additional charges were "$0.00," Defendant's inclusion of these references with a *dollar figure* (rather than saying "N/A" or simply not listing the interest and other charges) falsely, deceptively, and misleadingly implies the extent to which Defendant may properly add interest and other charges/intended to add such interest and other charges. Had Defendant intended to add interest, it would have certainly included the APR of such interest in its collection letter. However, by including the itemizations with a dollar figure, in combination with the suggestion that if finance charges are outlined in the letter then finance charges will accrue, Defendant intended to instill a deceptive and false sense of urgency in Plaintiff. To an unsophisticated consumer, these references would result in thinking there is a heightened urgency to address the subject debt given the potential for interest and other

5

charges to accrue, even where no such interest or other charges could be properly added and when Defendant did not intend to add such charges. The potential imposition of such fees would naturally be a factor in Plaintiff's decision-making process in determining whether and when to address any purported obligation; and, the inclusion of these references would leave unsophisticated consumers guessing about the economic consequences of failing to pay immediately.

34. Defendant further violated § 1692e, e(2)(A), and e(10) when it misleadingly and confusingly characterized the number of debts and amount owed in the collection letter sent to Plaintiff. The collection letter initially references a single account with a principal balance of $401.80; however, it later cuts against this assertion. As such, the collection letter is inherently deceptive and misleading in the manner in which it outlines the extent of Plaintiff's purported liability on the debt(s) upon which Defendant was seeking collection.

### b. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in its collection letter. Because Defendant was precluded and did not intend to add anything to the balance of the subject consumer debt, the above referenced portions of the collection letter violates the FDCPA.

WHEREFORE, Plaintiff, TERRI R. SWANSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 28, 2019         Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda, State Bar No. 11480
Law Offices of Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com